# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JASON R. COLLIER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09CV00045 |
| | ) | |
| v. | ) | |
| | ) | **OPINION** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF** | ) | By: James P. Jones |
| **SOCIAL SECURITY**, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Donald K. Neely, Assistant Regional Counsel, and Allyson Joswik, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I vacate the final decision of the Commissioner and remand for further proceedings.

I

The plaintiff, Jason R. Collier, filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claims for supplemental security income and child's insurance benefits pursuant to the Social Security Act, ("Act"), 42 U.S.C.A. §§ 401-33, 1381-1383d (West

2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g) and § 1383(c)(3).

Collier protectively filed for benefits in January 2007 alleging disability beginning at his birth in July 1988, due to a combination of mental and physical impairments, including a learning disability and asthmatic bronchitis. His claim was denied initially and upon reconsideration. Collier had a hearing before an administrative law judge ("ALJ") at which he was present and represented by counsel. In addition to Collier's testimony, the ALJ heard the testimony of Collier's father and a vocational expert ("VE"). The ALJ denied Collier's claim and the Social Security Administration's Appeals Council denied Collier's request for a review of the ALJ's opinion. Collier filed his Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment, and have briefed the issues. The case is ripe for decision.

II

Collier, who was born in 1988, is a person of younger age under the regulations. *See* 20 C.F.R. § 404.1563(c) (2009). Collier graduated from high school, where he was enrolled in special education classes. He has no past

relevant work. His employment is limited to working part-time as a janitor during the summer while he was in school.

As mentioned above, Collier was enrolled in special education classes. In an August 2000 Education Assessment, Collier tested in the low average range for reading, mathematics, and writing, the average to high range for listening comprehension, and the average to low range for written expression. It was predicted that, as his amount of school work increased and became more difficult, he would struggle to maintain adequate performance.

Collier has been diagnosed with Borderline Intellectual Functioning and a learning disability. The record reflects that while he adequately completed all school work, he struggled with the assignments and his success was contingent on effort greater than the typical student and assistance from his family. Collier was always found to be pleasant, cooperative, attentive, and to give a good effort. It was often noted that he did not demonstrate the symptoms of depression or anxiety. However, it was consistently observed that he did not give spontaneous responses. Collier was observed to be able to maintain relationships and get along with his family and classmates.

The medical evidence shows that Collier suffered from asthma and back pain, which ultimately required surgery. He was consistently noted to be on medications for his asthma, including an inhaler, but the condition was

controlled. A magnetic resonance imaging ("MRI") taken in 2007 showed disc protrusion with extension compressing a descending right S1 root, mild neuroforaminal narrowing and right S1 radiculopathy. In May 2007 he underwent a lumbar laminectomy and discectomy on his right L5-S1. In the months subsequent to the surgery, he regained his strength, displayed a normal gait, declined pain medications, and performed a normal straight leg raise. Further, there was no longer tenderness in the previously affected area.

Reviewing Collier's medical history, the ALJ found that his organic mental disorder/borderline intellectual functioning was a severe impairment, while his physical ailments were not. The ALJ determined that Collier had the residual functional capacity to perform medium work that is limited to simple, routine, repetitive, unskilled tasks that do not have production or pace requirements. The VE testified that someone with these limitations would be able to perform jobs existing in significant numbers in the national and regional economies, including a laundry worker or vehicle cleaner. The ALJ agreed and concluded that Collier was not disabled. Collier argues this decision is not supported by substantial evidence. I agree.

III

The plaintiff bears the burden of proving that he is suffering from a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 426.920(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *Bennett v. Sullivan*, 917 F.2d 157, 159 (4th Cir. 1990). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functioning capacity, which is then compared with the physical and mental demands of the claimant's

past relevant work and of other work present in the national economy. *See Reichenbach v. Heckler*, 808 F.2d 309, 311 (4th Cir. 1985).

In accordance with the Act, I must uphold the ALJ's findings if substantial evidence supports them and they were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). It is not the role of this court to substitute its judgment for that of the Commissioner. *See Id*.

In challenging the ALJ's opinion, Collier claims that the ALJ erred by failing to consider the impact his asthma and back impairment would have on his ability to work. In doing so, Collier argues that the ALJ ignored medical evidence of record and substituted his opinion for that of trained medical professionals.

In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Collier correctly points out that the ALJ failed to discuss two medical opinions that each included limitations that the ALJ apparently rejected. For the reasons that follow, I will vacate the Commissioner's decision and remand for further proceedings.

The first is the opinion of Donald Williams, M.D., a state agency physician. Dr. Williams noted that Collier had a primary diagnosis of L-Spine disc space narrowing and secondarily noted a history of asthmatic bronchitis. Dr. Williams found that Collier could lift and carry 50 pounds occasionally and 25 pounds frequently, and sit, stand, and walk for six hours out of an eight-hour workday. Furthermore, Dr. Williams found that Collier was unlimited in his abilities to push and pull, and he did not find any postural, manipulative, visual, or communicative limitations. All of these findings are consistent with the ALJ's opinion. However, Dr. Williams found that Collier should avoid concentrated exposure to wetness, fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants.

The ALJ did not adopt the environmental limitations, nor did he explain their rejection. Moreover, Dr. Williams did not consider all relevant evidence when making his decision. He did not review and consider an MRI taken on March 27, 2007.

Additionally, the ALJ failed to discuss the findings of Joseph Duckwell, M.D., a state agency physician, who also did not review the MRI from March 27, 2007. Like Dr. Williams, Dr. Duckwell opined that Collier should avoid concentrated exposure to wetness, fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants. Differing from Dr. Williams, Dr. Duckwell indicated that Collier could only lift and carry 20 pounds frequently and 10 pounds occasionally.

In this case, the ALJ evidently overlooked the opinions of two state agency physicians. The physicians each placed limitations upon Collier, which the ALJ failed to consider. As such, the court cannot determine if the ALJ's decision is supported by substantial evidence.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the Commissioner's Motion for Summary Judgment will be denied. The decision of the Commissioner denying benefits will be vacated and

the case will be remanded to the Commissioner for further proceedings consistent with this Opinion.

DATED: May 4, 2010

/s/ James P. Jones
Chief United States District Judge